UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Isaac Glenard Lyles, ) | Civil Action No. 4:21-1937-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Thomas E. Rogers on April 11, 2022 ("Report"). (ECF No. 46.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge Rogers to review Petitioner Isaac Glenard Lyle's ("Petitioner") 28 U.S.C. § 2254 petition for habeas relief, to handle pretrial matters, and to submit findings and recommendations to the Court. In his Report, the Magistrate Judge recommends that Respondent Warden, Perry Correctional Institution's ("Respondent") motion for summary judgment (ECF No. 20) be granted in its entirety, and that the petition be dismissed without an evidentiary hearing. (*See* ECF No. 46 at 29.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

The Magistrate Judge entered his Report on April 11, 2022, recommending that

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

Defendant's motion for summary judgment (ECF No. 20) be granted and that Petitioner's habeas petition (ECF No. 1) be dismissed. (ECF No. 46 at 29.) Petitioner filed objections on May 2, 2022. (ECF No. 49.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

Magistrate Judge Rogers first notes that Grounds Two through Six of the instant petition were not included in Petitioner's petition for a writ of certiorari to the South Carolina Supreme Court, and that Petitioner attributes the error to PCR Appellate Counsel. (ECF No. 46 at 11.) Nevertheless, Respondent failed to raise procedural default as an affirmative defense and the Magistrate Judge correctly notes that the defense is waived. (*Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996)).) Accordingly,

Magistrate Judge Rogers addresses each of the Grounds raised in the petition on the merits. (*Id.* at 12–27.) The Court declines to repeat the cogent analysis of the Magistrate Judge with regard to every aspect of each Ground for relief and will confine its analysis of the Report to those portions about which Petitioner raises an objection.

### A. Ground One

The Magistrate Judge found that Ground One—in which Petitioner contends that his Trial Counsel was constitutionally ineffective for failing to impeach a State witness with prior convictions for armed robbery and third-degree burglary—fails because Petitioner has not shown a reasonable probability that admitting evidence of the prior convictions would have swayed the jury, and therefore has not satisfied the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 46 at 12–18.) Magistrate Judge Rogers walked through the evidence and argument that Trial Counsel used to attack the State witness's ("Wesson") credibility and found that the PCR Court reasonably concluded the jury had enough information to evaluate Wesson's credibility, or lack thereof. (*Id.*) Accordingly, the Magistrate Judge recommends that summary judgment be granted as to Ground One. (*Id.* at 18.)

In his objections, Petitioner states:

> Petitioner alleged and proved that counsel denied him a fundamental fair trial, a trial whose result is reliable. The outcome would reasonably likely have been different but for counsel's error is not dispositive of the prejudice inquiry. This Honorable must determine whether the result of the proceeding was fundamentally unfair or unreliable. Trial counsel's purported strategic decision was based upon an error and ignorance of the law.

(ECF No. 49 at 8 (errors in original; citations omitted).) This assertion appears to be a generalized critique of Trial Counsel's performance and does not explain with specificity how or why Magistrate Judge Rogers' analysis regarding Ground One is purportedly in

3

error.

With regard to Ground One, Petitioner argues: (1) "[t]he PCR Court's decision went contrary to the U.S. Supreme Court precedent and applied a legal context that should not have applied and his decision was objectively unreasonable" (*id.* at 10); (2) the South Carolina Supreme Court's "terse denial" of his claim and "lack of a reasoned explanation" permits this Court to conduct an "independent review of the record to determine whether the S.C. Supreme Court clearly erred in its application of controlling federal law" (*id.* at 10–11); (3) the PCR Court's application of *Strickland*'s prejudice prong was unreasonable because "the [S]tate's case depended on Wesson's testimony and, had the jury heard about Wesson's violent past, it would have impeached his credibility well beyond the fraudulent check convictions" (*id.* at 11); and (4) *Credell v. Bodison*, 818 F. Supp. 2d 928 (D.S.C. 2011) demonstrates that Trial Counsel's conduct should be found ineffective because Trial Counsel's "striking ignorance of state evidence law profoundly affected the course of [P]etitioner's trial" (*id.* at 12). The Court finds these objections to be without merit and they are, therefore, overruled.

Petitioner's arguments about the centrality of Wesson's testimony and the weight that the jury might have given to Wesson's "violent past" when evaluating his credibility merely repeat arguments already advanced to and rejected by Magistrate Judge Rogers. (*Compare* ECF No. 49 at 11, *with* ECF No. 1-1 at 5.) Objections that rehash ineffectual arguments from prior briefing are improper and do not direct the Court to any error in the Report. *Heffner v. Berryhill*, No. 2:16-cv-820-TMC, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) ("The Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate

4

Judge."). The Magistrate Judge explained that Trial Counsel elicited evidence regarding Wesson's five prior convictions involving dishonesty (fraudulent checks), cross-examined Wesson on inconsistencies between his initial statement to the police and his trial testimony, solicited testimony about Wesson's drug use, and argued the inferences to be drawn from how Wesson's memory improved with time and the seemingly far-fetched aspects of his story. (ECF No. 46 at 15–17.) In light of Trial Counsel's impeachment of Wesson as a whole, Magistrate Judge Rogers was correct to conclude that the PCR Court was reasonable in determining that *Strickland*'s prejudice prong was not satisfied as to Trial Counsel's failure to introduce evidence of Wesson's prior convictions for armed robbery and third-degree burglary.

The Court finds that Petitioner's reliance on *Credell v. Bodison* is misplaced. In *Credell*, Judge Gergel granted in part a state prisoner's petition for writ of habeas corpus after concluding that the state PCR court made an unreasonable determination of the facts in denying the prisoner's ineffective assistance of counsel claim where the defense counsel voluntarily introduced bad acts evidence regarding the prisoner's history of drug dealing, prior association in the drug trade with the victim, misdemeanor convictions, and arrests. 818 F. Supp. 2d at 935–38. In finding the defense counsel's performance constitutionally ineffective, Judge Gergel noted that the defense counsel's advice was "related to a critical issue—whether [the prisoner] should testify—and was impaired by her profound ignorance of the law of evidence, particularly regarding the admissibility of such 'bad act' evidence[.]" *Id.* at 935. The defense counsel's errors in *Credell* are of an entirely different type and severity than Petitioner's Trial Counsel's error in believing that Wesson's armed robbery and burglary convictions fell outside of the ten-year window

5

under Rule 609(a)(1), SCRE. (*See* ECF No. 46 at 14.) The holding in *Credell* offers Petitioner no assistance.

The other aspects of Petitioner's objections regarding Ground One are conclusory and fail to point the Court to any error in the Magistrate Judge's analysis or recommendation. Therefore, the objections are overruled.

### B. Grounds Two and Five

In Ground Two, Petitioner claims his Trial Counsel was ineffective for failing to challenge the search warrant, move to suppress the resulting evidence, and require the State to produce the confidential informant who provided the basis for the warrant. (*See* ECF No. 1-1 at 6–7.) Ground Five constitutes further argument for why Trial Counsel should have challenged the State's probable cause finding. (*See* ECF No. 1-1 at 9–11.) After considering the merits of these Grounds, Magistrate Judge Rogers found that the PCR Court reasonably concluded Trial Counsel acted within the range of reasonable representation in declining to challenge the warrant. (ECF No. 46 at 18–21.)

As to Grounds Two and Five, Petitioner argues: (1) "[t]he entire trial hinged on evidence found as a result of the search warrant and execution thereof[,]" and "[t]he Respondent[']s facts and contentions are in error" (ECF No. 49 at 13); (2) Trial Counsel was deficient because he challenged the black tote bag and other drug evidence but failed to challenge the search warrant itself (*id.*); (3) the State violated Petitioner's rights under the 4th, 6th, and 14th Amendments to the U.S. Constitution by using "an allege mystery CI who provides information to obtain a search warrant on the basis of an allege prior drug buy in which [P]etitioner was never charged for, and instead the state used the search warrant and evidence obtained as the basis of the instant arrest and conviction"

(*id.*); and (4) the PCR Court's summary of Trial Counsel's hearing testimony was improper because "[o]ne can't use trial strategy to trump deficient performance," the PCR Court's decision "was an unreasonable determination of the facts in light of the evidence submitted," and "[o]mission based upon oversight, carelessness, ineptitude or laziness cannot be explained as trial strategy or reasonable" (*id.* at 14 (citations omitted)).

Petitioner's objections fail to reveal any error in the Magistrate Judge's reasoning or recommendation regarding Grounds Two and Five. The record demonstrates that Trial Counsel considered probable cause, reviewed all of the relevant discovery, made a strategic decision not to advance a probable cause challenge because in his professional judgment it would not be productive, and rather focused his efforts on two other pretrial motions, both of which were successful. (*See* ECF No. 46 at 18–21.) Magistrate Judge Rogers was correct to conclude that this is precisely the kind of tactical decision entitled to deference under *Strickland*, and that the PCR Court reasonably applied federal law in determining that Trial Counsel's decision to forego challenging the warrant was not ineffective assistance. Petitioner's objections regarding Grounds Two and Five are overruled.

### C. Grounds Three and Six

In Grounds Three and Six, Petitioner asserts a defect in the State's notice of intent to seek a sentence of live without parole and that Trial Counsel was ineffective for failing to challenge the notice. (*See* ECF No. 1-1 at 8, 11–12.) Magistrate Judge Rogers found that the PCR Court's determination that Petitioner's prior PWID conviction fell within South Carolina's statutory definition of "serious offense," even if incorrect, cannot support federal habeas relief because it rests entirely on an interpretation of state law. (ECF No.

7

46 at 23 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).) The Magistrate Judge further found that because this Court is bound to the State court's determination that the LWOP notice was proper, it cannot find that Trial Counsel was ineffective for failing to object to that notice. (*Id.* at 23–24.)

With regard to Grounds Three and Six, Petitioner argues: (1) "[t]his claim should have been decided on the interpretation of federal law[,]" and "Trial Counsel failed to bring this flagrant violation to the attention of the trial court" (ECF No. 49 at 15); and (2) "[i]t was unreasonable of [T]rial [C]ounsel not to direct the court's attention to 17-25-45 and 17-25-50" (*id.* at 16).

Petitioner's objections fail to reveal any error in the Magistrate Judge's reasoning or recommendation regarding Grounds Three and Six. The record demonstrates that, prior to trial, Trial Counsel asked the trial court to clarify whether the PWID charge constituted a strike under S.C. Code § 17-25-45; the trial court preserved the issue and instructed counsel to raise it again at sentencing; Trial Counsel asked for mercy at sentencing based on the age of Petitioner's prior convictions, the State read Petitioner's entire criminal history into the record, and the trial court announced sentence. (*See* ECF No. 46 at 22.) The PCR Court later found that the notice was properly served and that Petitioner's criminal history supported the invocation of § 17-25-45. (*Id.* at 22–23.) Magistrate Judge Rogers was correct to conclude that the PCR Court's determination on this issue falls outside the ambit of federal habeas review, and that the related ineffective assistance of counsel claim is likewise untenable because it is premised upon an underlying challenge to the State courts' interpretation of state law. Petitioner's objections regarding Grounds Three and Six are overruled.

8

**D. Ground Four**

In Ground Four, Petitioner claims the State improperly vouched for Wesson during its closing argument and Trial Counsel was ineffective for failing to object. (*See* ECF No. 1-1 at 8–9.) The PCR Court found Trial Counsel's performance was not deficient because, although the State addressed Wesson's credibility, its comments did not rise to the level of improper vouching and Trial Counsel had no grounds on which to object. (ECF No. 46 at 26.) Magistrate Judge Rogers found that Petitioner failed to show that the PCR Court decided this issue unreasonably. (*Id.* at 26–27.)

As to Ground Four, Petitioner objects by quoting portions of the transcript of the State's closing considered by the Magistrate Judge (*compare* ECF No. 49 at 16–17, *with* ECF No. 46 at 24–25) and arguing: "[a] stringent review of the cited portions of the State's closing is vouching that impermissibly bolstered the state's case and denied the [P]etitioner his right to a fair trial," and "[t]he inference drawn from the improper vouching rose to the level of impermissible bolstering." (ECF No. 49 at 17.)

Petitioner's objections fail to reveal any error in the Magistrate Judge's findings or conclusions regarding Ground Four. The record demonstrates that the solicitor's closing remained within the bounds of recounting Wesson's testimony and offering inferences that could reasonably be drawn about Wesson's credibility. (*See* ECF No. 46 at 24–25.) Moreover, Trial Counsel's testimony at the PCR hearing demonstrated that he understood the legal concept of improper vouching and chose not to object based on his professional judgment that improper vouching had not occurred. (*Id.* at 25–27.) Magistrate Judge Rogers was correct to conclude that *Strickland* protects this type of reasoned strategic decision, and that the PCR Court's determination on this issue was not unreasonable.

9

Petitioner's objections regarding Ground Four are overruled.

### E. Evidentiary Hearing

Finally, Magistrate Judge Rogers addressed Petitioner's request for an evidentiary hearing. (ECF No. 46 at 27–29.) The Magistrate Judge found that Petitioner has not alleged any facts not previously developed at trial or during his appeals and thus has not demonstrated that an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2) and the factors itemized in *Townsend v. Sain*, 372 U.S. 293, 313 (1963).

Plaintiff objects by arguing that he can satisfy three of the six factors enumerated in *Townsend*:

> (1) The merits of the factual dispute were not resolved in the state hearing because of the denial of effective assistance of counsel. Petitioner's issues were inadequately raised in state court.
> (2) The state factual determination is not fairly supported by the record as a whole because the PCR Court's decision and S.C. Supreme Court's decision, "Postcard order" was an unreasonable determination of the facts in light of the evidence submitted. There was no finding of facts.
> (3) The fact finding procedure employed by the S.C. Supreme Court was not adequate to afford a full and fair appellate procedure.

(ECF No. 49 at 18 (errors in original).) The objection is conclusory and relies on circular reasoning. The Court finds it to be without merit and it is hereby overruled.

Moreover, the Court finds that the remainder of Petitioner's objections are alternatively non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. (*See* ECF No. 49 at 19–28.) Petitioner's objections are, therefore, overruled *in toto*.

### **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 46) of the Magistrate Judge and

10

incorporates it herein. Accordingly, Petitioner's objections (ECF No. 49) are OVERRULED, Respondent's motion for summary judgment (ECF No. 20) is GRANTED, Petitioner's § 2254 habeas petition (ECF No. 1) is DENIED and DISMISSED without an evidentiary hearing, and a certificate of appealability is denied.[2]

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 13, 2022
Charleston, South Carolina

---

[2] Title 28, Section 2253 provides in relevant part, that, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met.